```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```
___

| | |
|---|---|
| JOSEPH ALLEN EVERSON,     ) | |
|                                ) | |
|     Plaintiff,               ) | |
|                                ) | |
| v.                                ) | 18-cv-02866-TLP-tmp |
|                                ) | |
| SHELBY COUNTY SHERIFF'S     ) | |
| DEPARTMENT; JOSEPH MOORE;  ) | |
| and J. FOX,              ) | |
|                                ) | |
|     Defendants.            ) | |

___

**REPORT AND RECOMMENDATION**
___

Before the court is defendants Shelby County Sheriff's Department, Joseph Moore, and Joshua Fox's Motion for Judgment on the Pleadings, filed on March 18, 2019. (ECF No. 19.) Pursuant to Administrative Order No. 2013-05, this case has been assigned to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that the defendants' motion be granted.

**I.   PROPOSED FINDINGS OF FACT**

Joseph Everson filed a *pro se* complaint on December 19, 2018, asserting that the Shelby County Sheriff's Department and defendants Joseph Moore and Joshua Fox violated his Fourth Amendment rights under 42 U.S.C. § 1983. (ECF No. 1.) The

allegations are contained within a single paragraph of the complaint. That paragraph states:

> On 12-19-2017, the Shelby County Sheriff Fugitive Apprehension Team acting with malice violated the plaintiffs 4th amendment rights by illegally entering and searching the residence at 12251 Macon Rd. Collierville TN 38017. Joseph Moore is a supervisor with the Fugitive Division. Det. J. Fox is with the Fugitive Apprehension Team. Plaintiff has video and audio recordings of deputies with the Shelby County Fugitive Apprehension Team at the residence at time of arrest speaking to his Supervisor stating that the front door to residence "mysteriously came open" and officer stated in arrest report that they made entry thru unlocked door.

(Id.) Defendants filed a Motion for Judgment on the Pleadings and to Stay Proceedings on March 18, 2019. (ECF No. 19.) The court subsequently granted Everson's request for an extension of time to respond to the motion to May 15, 2019. (ECF No. 21.) However, Everson did not respond by the May 15 deadline. On May 20, 2019, the court entered an Order to Show Cause directing Everson to respond to the pending motion by no later than June 3, 2019. (ECF No. 22.) The court warned Everson that if he failed to timely respond, the court would decide defendants' motion based solely on the defendants' memorandum of law, and in addition, could dismiss the case for failure to prosecute. Despite these warnings, to date, Everson has not responded to the motion.

## II. PROPOSED CONCLUSIONS OF LAW

**A.    Standard of Review**

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Rose v. Cent. USA Wireless, LLC, No. 17-cv-2673-SHM-tmp, 2018 WL 2656767, at *3 (W.D. Tenn. June 4, 2018) (citing Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009)). "When ruling on a defendant's motion to dismiss on the pleadings, a district court 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). "To survive a Rule 12(c) motion, the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Engler v. Arnold, 862 F.3d 571, 575 (6th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A motion for judgment on the pleadings "should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law." Guy v.

Spader Freight Servs., No. 17-2038, 2017 WL 6939377, at *2 (6th Cir. Oct. 18, 2017).

As a threshold matter, the court recognizes that Everson is a *pro se* plaintiff. "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  **Failure to State a Claim Under § 1983 Against Individual Defendants**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  When a plaintiff claims a government agent, acting under color of law, violated his or her constitutional rights, the plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." See Greer v. City of Highland Park, Michigan, 884 F.3d 310, 315–16 (6th Cir. 2018) (emphasis in original) (quoting Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008)).

In his complaint, Everson does not allege any action taken by either Fox or Moore that would constitute violations of his rights under the Fourth Amendment. With regard to Fox, Everson only asserts that he "is with the Fugitive Apprehension Team." (ECF No. 1.) With regard to Moore, the complaint alleges only that he "is a supervisor with the Fugitive Division." (Id.) Other than making vague references to unnamed members of the Fugitive Apprehension Team acting "with malice" and "illegally," the complaint provides no further details regarding the conduct of Moore or Fox aside from Moore's role as a supervisor. "Government officials may not

- 5 -

be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Pleasant-Bey v. Shelby Cty. Gov't, No. 2-17-cv-02502-TLP-tmp, 2019 WL 1601495, at *4 (W.D. Tenn. Apr. 15, 2019) (quoting Iqbal, 556 U.S. at 676). The undersigned recommends that the claims against Moore and Fox be dismissed.

**C.   Failure to State a Claim under § 1983 Against Shelby County**

"A municipality cannot be held liable under § 1983 on a *respondeat superior* basis." Mhoon v. Metro. Gov't of Nashville & Davidson Cty., Tenn., No. 3:16-cv-01751, 2016 WL 6250379, at *6 (M.D. Tenn. Oct. 26, 2016) (citing Thomas v. City of Chattanooga, 398 F.3d 426, 432–33 (6th Cir. 2005)). Instead, municipal liability under § 1983 arises "'when execution of a government's policy or custom . . . inflicts the injury' of a constitutional violation." David v. City of Bellevue, Ohio, 706 F. App'x 847, 850 (6th Cir. 2017) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. (quoting Connick v. Thompson, 563 U.S. 51, 61 (2011)). "In the context of [§] 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly." Epperson v. City of Humboldt, Tenn., 140 F.

Supp. 3d 676, 685 (W.D. Tenn. 2015) (quoting Hutchison v. Metro. Gov't of Nashville & Davidson Cty., 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010)); see also Brent v. Wayne Cty. Dep't of Human Servs., 901 F.3d 656, 698 (6th Cir. 2018) (determining that plaintiffs' complaint was properly dismissed where it failed to "allege a single fact that suggests, plausibly or otherwise, that the Detroit Police Officers' purported Fourth Amendment violations were the result of a custom, policy, or practice of" the City of Detroit); Bickerstaff v. Lucarelli, 830 F.3d 388, 402 (6th Cir. 2016) (affirming dismissal of complaint because its "speculative allegations fall short of stating a claim against the City"); D'Ambrosio v. Marino, 747 F.3d 378, 387–89 (6th Cir. 2014) (affirming dismissal of complaint based on its "improper attempt[] to impose liability upon the county simply because the municipality hired one bad apple") (internal quotations omitted).

Everson's complaint provides no factual basis for municipal liability under § 1983. At most, the complaint makes conclusory allegations that officers with the Fugitive Apprehension Team entered his residence illegally. These allegations, without more, fail to state a cause of action against Shelby County.

### III. RECOMMENDATION

For the reasons above, it is recommended that defendants' Motion for Judgment on the Pleadings be granted.

Respectfully submitted,

```
                              s/ Tu M. Pham
                              _____
                              TU M. PHAM
                              United States Magistrate Judge

                              June 20, 2019
                              _____
                              Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**